IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN RAY PORTER | § | |
| VS. | § | CIVIL ACTION NO.  1:25-CV-368 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Steven Ray Porter, a prisoner confined at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the decision of the Texas Board of Pardons and Paroles to deny him release on parole.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Procedural History

Petitioner is in custody pursuant to three judgments entered in Dallas County, Texas in November of 2010, and a subsequent judgment entered in Kaufman County on an unspecified date. In each case, Petitioner was sentenced to thirty years of imprisonment.  Petitioner alleges that he has been in custody since February 8, 2008.  After serving half of his sentence, Petitioner was eligible for parole, but the Texas Board of Pardons and Paroles denied Petitioner release on parole and set off his next parole review for five years.

Analysis

Petitioner is not entitled to habeas relief unless he has been deprived of a right secured to him by the United States Constitution or the laws of the United States. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A prisoner does not have a constitutional right to release before the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Parole decisions are necessarily subjective and predictive because there is no error-free way to make parole-release decisions. *Id.* at 13. Further, Texas law does not create a right or a constitutional expectancy of release on parole because parole decisions are within the unfettered discretion of the State. *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). As a result, procedural or substantive due process claims arising from the denial of parole are not cognizable in a federal habeas petition. *Robinson v. Lumpkin*, No. 20-10745, 2021 WL 6550474, at *1 (5th Cir. Sept. 30, 2021) (unpublished).

Because Petitioner does not have a constitutionally-protected right to release on parole, this Petition for Writ of Habeas Corpus should be denied.

Recommendation

This Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 9th day of January, 2026.

_____
Zack Hawthorn
United States Magistrate Judge